Warder *v.* Millard *et al.*

8L 581
14L 116

J. A. WARDER *v.* W. A. MILLARD *et al.*

1. EXECUTION. *Omission therein.* The omission of the word "hundred" in the recital of the amount of the judgment in the body of an execution may be supplied by the amount of the judgment, endorsed on the back of the execution, as required by law.

2. SAME. *Not invalid. When.* An execution is not rendered invalid as to the debt by the failure to set out the items of costs in words on the back thereof.

FROM LINCOLN.

Appeal in error from the Circiut Court of Lincoln county. J. J. WILLIAMS, J.

CARRIGAN & GEORGE and LAMB & TILLMAN for Warder.

N. P. CARTER and W. B. MARTIN for Millard.

COOPER, J., delivered the opinion of the court.

The plaintiff, Warder, moved for judgment against Millard, as sheriff, and the other defendants as sureties on his official bond, for an insufficient return of an execution. The court rendered judgment for a less sum than the plaintiff claimed, and he appealed in error.

The execution was in favor of the plaintiff, and commanded the sheriff that, of the property of the defendants named therein, he cause to be made "the sum of five and thirty-four dollars and twenty cents," a blank space being left in the body of the execution

between the words "five" and "thirty-four." On the back of the execution, the clerk made these endorsements:

> "Clerk.  Theo. Harris.  This *alias*, etc.                    .65
> Judgment by confession July 8, 1874, for          $534.20
>     (which bears ten per cent. interest).
> Credit by $325,00 February 10, 1875.  All costs paid except this *alias*.
> Issued 14th of September, 1875."

The sheriff made the following return: "Came to hand same day issued, and returned to office nothing made for want of time to levy and sell. This November 1, 1879."

The court sustained the motion "as to the amount on the face of the execution, to-wit, the sum of thirty-nine dollars and twenty cents, with interest and damages thereon," and rendered judgment accordingly.

It is conceded by the counsel of the defendants, that the return [of the sheriff is insufficient, as it clearly is: Code, sec. 3594, sub-sec. 2; *McCrory* v. *Chaffin*, 1 Swan, 308; *Eakin* v. *Boyd*, 5 Sneed, 206. They insist, however, that the execution was void for uncertainty, and because it did not pursue the judgment. The judgment does not appear in the bill of exceptions, and therefore, the last objection necessarily fails. For aught that appears, the execution does follow the judgment, both in writing and in figures. That is to say, the judgment may have been for "the sum of five — and thirty-four dollars and twenty cents, $534.20," in strict accord with the body of the execution and the endorsement. The Code expressly requires the clerk to endorse on the execution, when issued, the date and amount of the judgment: Code

sec. 3015.    The endorsement on the back of the execution was, therefore, as much a part of it, as the writing in the body of the writ.    In this view, the question is whether either the judgment or execution thereon would be void which contained the words and figures as above set out, and, if not, what sum of money must be held to be called for thereby.    And if, in fact, the judgment, as the defendants' last objection fairly implies, called properly for five hundred and thirty-four dollars and twenty cents in the body of it, the question would be limited to the validity of the execution.

The Code provides that: " The Roman numerals and Arabic figures are to be taken as part of the English language, and are always sufficient to express dates and amounts, unless otherwise directed by law." If the figures and the written amount called for by a moneyed obligation, record or writ, should differ, and could not be reconciled by the rules of interpretation applicable in such cases, the writing, if complete, would prevail.    A discrepancy between the figures and the writing would not, therefore, necessarily render the instrument void for uncertainty.    For either the writing would prevail, or the writing and the figures would be read together, and any defect in either corrected by the other.    It would only be after all efforts to produce a harmonious result had failed, that a verdict of void for uncertainty would be rendered.'

There is a discrepancy between the writing and the figures in the case before us.    The writing is, however, obviously incomplete.    There is a blank space

immediately after the word "five," plainly indicating a clerical omission. Moreover, the phrase five and thirty-four dollars is not the normal mode of express· ing an obligation for five plus thirty-four, that is thirty-nine dollars, and is utterly unknown to the forms of entry of judgment or of execution. The figures being complete, the inference is unavoidable that a clerical misprision by omission in the writing, and the blank has to be filled. Without any aid from the figures, and by the analogies of our language the word required would either be "hundred" or "thousand," a larger multiple being exceedingly improbable from the amount which would then be called for. The debtor party could not complain if the smaller sum were taken. And a similar blank in a note was thus filled with the word hundred in a recent case at Knoxville. The very object of adding in figures the sum written in any instrument is to secure certainty, and to obviate the effect of clerical errors. The figures thus annexed, or properly endorsed, may be looked to in order to supply a blank: *Williamson* v. *Smith,* 1 Cold., 1. The date and amount of the judgment endorsed by the. clerk on the execution in this case, was as much a part of it as the sum specified in the body of the execution, and the blank or omission in the latter may be supplied from the former by intendment.

It is also argued that the execution was void because the items in the bill of costs endorsed thereon were not set out in words at length, the only item specified consisting, it is said, of two items for different services. Before the adoption of the Code, such

Warder *v.* Millard *et al.*   :

was the requirement of the statute law, with the additional provision, that "all executions issuing without the bill of costs so annexed, shall be deemed illegal, and no sheriff shall serve or execute the same." Under these requirements, it was held that an execution issued for costs alone, was void if the items of costs were not set out in words at length. But even then, it was also held, that an illegal abbreviation of the items of cost would not render the process invalid as to the debt, or absolve the sheriff from the duty of making execution thereof: *Atkinson* v. *Micheaux,* 1 Hum., 312. *A fortiori,* since the Code, which no longer retains the language of the old acts: Code, sects. 3015, 3017.

The judgment must be reversed, and a judgment rendered here for the proper amount in accordance with this opinion.